UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Gander Mountain Company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ. No. 10-cv-02585-ADM/JJG |
| v. | ) |
| | ) |
| World Financial Network National Bank, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM**

Defendant World Financial Network National Bank ("World Financial"), by its undersigned attorneys, hereby responds to the Complaint by Plaintiff Gander Mountain Company ("Gander Mountain") as follows:

1. Denied.

2. Denied. World Financial lacks knowledge or information sufficient to form a belief as to the truth of these averments, and therefore they are denied.

3. Denied. World Financial lacks knowledge or information sufficient to form a belief as to the truth of these averments, and therefore they are denied.

4. Admitted in part, denied in part. It is admitted only that World Financial has its principal place of business in Columbus, Ohio. It is denied that World Financial is a citizen of Ohio.

5. Admitted.

6. Denied. The averments of this paragraph are conclusions of law to which no response is required.

7. Denied. The averments of this paragraph conclusions of law to which no response is required.

8. Admitted.

9. Admitted.

10. Denied. The Co-Brand Agreement is a written document that speaks for itself, and therefore the averments of this paragraph are denied.

11. Denied. The Co-Brand Agreement is a written document that speaks for itself, and therefore the averments of this paragraph are denied.

12. Denied. The Co-Brand Agreement is a written document that speaks for itself, and therefore the averments of this paragraph are denied.

13. Admitted.

14. Denied. The Co-Brand Agreement is a written document that speaks for itself, and therefore the averments of this paragraph are denied.

15. Admitted, but the private label credit card program was established in a separate agreement executed in 2007.

16. Denied. The averments in the first sentence of paragraph 16 are denied. The remaining averments purport to summarize the terms of written documents that speak for themselves, and therefore those averments are denied.

17. Admitted in part, denied in part. It is admitted only that representatives of World Financial met with representatives of Gander Mountain on May 25, 2010 to discuss potential modifications to the Co-Brand Agreement, and representatives of World Financial advised Gander Mountain representatives

that accountholders with scores of 800 or higher under World Financial's scoring system are unprofitable for World Financial.  It is also admitted that World Financial used the term "FICO" at that meeting, but that is not the scoring system used by World Financial.  The remaining averments in this paragraph are denied.

18. Admitted in part, denied in part.  The averments in the first sentence of paragraph 18 are admitted.  The remaining averments in this paragraph are denied.

19. Admitted in part, denied in part.  It is admitted only that Gander Mountain did not agree at the meeting to modify the Co-Brand Agreement to remove the $37 Bounty associated with new accounts where the accountholder has an 800 or higher FICO score.  The remaining averments of this paragraph are denied.

20. Denied.

21. Admitted.

22. Denied.

23. Denied.

## COUNT I

24. World Financial incorporates by reference its answers to paragraphs 1-23.

25. Denied.  The averments of paragraph 25 are conclusions of law to which no response is required.

26. Denied.

27. Denied.

28. Denied.

## COUNT II

29. World Financial incorporates by reference its answers to paragraphs 1-28.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

37. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

38. Gander Mountain's claims are barred by the doctrine of unclean hands, as it breached the confidentiality provisions in the Co-Brand Agreement.

**Third Affirmative Defense**

39. Under the Co-Brand Agreement, decisions as to whether to extend credit to any credit card account applicant are solely in the discretion of World Financial.

WHEREFORE, Defendant World Financial demands judgment in its favor and against Plaintiff, together with its attorneys' fees and expenses incurred in the defense of this action.

**COUNTERCLAIM**

**Breach of Contract**

1. Section 10.17 of the Co-Brand Agreement contains a confidentiality provision that prohibited the parties from disclosing publicly the terms or substance of that Agreement or any of the parties' "Confidential Information," as defined therein, except under very limited circumstances and conditions.

2. Gander Mountain violated the confidentiality requirements of Section 10.17 by publicly filing with its Complaint unsealed and unredacted copies of the Co-Brand Agreement, the Amendments to the Co-Brand Agreement, and the slides from the confidential powerpoint presentation made by World Financial on May 25, 2010. It did not seek, much less secure, the consent of World Financial to the public disclosure of these confidential documents.

3. The news media reported on the filing of this lawsuit, and quoted from the unsealed confidential documents that were improperly placed into the

public record by Gander Mountain. See e.g., Minneapolis Star Tribune, June 25, 2010 (quoting from powerpoint presentation).

4. As stipulated by Gander Mountain in Section 10.17 of the Co-Brand Agreement, the violation of the confidentiality provision caused "irreparable damage" to World Financial.

5. In addition to the foregoing violation of Section 10.17, Gander Mountain has also violated Section 3.11(a) of the Co-Brand Agreement. That Section states that Gander Mountain:

> [S]hall not without Bank's prior written consent, by itself or in conjunction with others, directly or indirectly promote, market, advertise, solicit or enter into a letter of intent or agreement or otherwise establish with any credit issuer or processor to provide or process on its own behalf any credit card, charge card or debit card, commercial credit, business credit, revolving credit, "co-brand" credit, private label program, <u>or any other credit or charge account, product or program similar in purpose to the Plan or to the services and transactions contemplated under this Agreement</u>… (emphasis added).

6. Gander Mountain has violated Section 3.11(a) by offering a credit program called "Bill Me Later" to its customers to enable them to buy Gander Mountain merchandise on credit.

7. The "Bill Me Later" credit program offered by Gander Mountain has the exact same purpose as the World Financial Co-Brand program, namely, to enable consumers to buy Gander Mountain merchandise on credit.

8. Moreover, the "Bill Me Later" program offered by Gander Mountain is similar to the services and transactions offered and entered into under the World

6

Financial credit card program. These include: application for credit; credit report check; credit agreement; credit account; billing statements; finance charges; promotional programs; issuer pays the retailer; and issuer determines credit line.

9. The foregoing material breaches of the Co-Brand Agreement by Gander Mountain have caused substantial damages to World Financial, the precise amount of which is not yet known. In addition, World Financial is entitled to reasonable attorneys' fees and expenses on account of these contractual breaches pursuant to Section 8.1(a) of the Co-Brand Agreement.

WHEREFORE, Defendant-Counterclaimant World Financial demands an award of damages against Plaintiff-Counterclaim Defendant Gander Mountain in such amount as may be proven at trial, together with its attorneys' fees and expenses, and such other and further relief as the Court may deem proper.

Dated: October 7, 2010

| | |
|---|---|
| OF COUNSEL: | s/Alan H. Maclin<br>Alan H. Maclin (#66102)<br>BRIGGS AND MORGAN, P.A. |
| Alan S. Kaplinsky<br>Burt M. Rublin<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>Phone: (612) 977-8434<br>Fax: (215) 864-9783 | 2200 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Phone: (215) 864-8116<br>Fax: (612) 977-8650<br>email: amaclin@briggs.com<br><br>**ATTORNEYS FOR DEFENDANT** |